UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | ) | Docket No.: 2:25-mj-16130 |
| | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | MOTION TO DISMISS FOR |
| CLOYD CHAMBERS,<br>Defendant. | ) | VIOLATION OF SPEEDY |
| | ) | TRIAL ACT |

Eric M. Mark, Esq.
96 Summer Ave.
Newark, NJ 07104
973-306-4246
Attorney for Cloyd Chambers

## TABLE OF CONTENTS

INTRODUCTION ................................................................4

FACTUAL AND PROCEDURAL BACKGROUND ...............................4

ARGUMENT ...................................................................6

   I.    The offense is not "serious" under the Speedy Trial Act. .........................7

   II.    The facts and circumstances surrounding the delay in filing an indictment are not the fault of Mr. Chambers and are entirely within the control of the U.S. Attorney's Office..................................................13

   III.    The impact of reprosecution would hinder the administration of justice. ..................................................................15

   IV.    The Defendant has been severely prejudiced by the Government's delay in filing an indictment. ...................................................17

CONCLUSION ................................................................21

# TABLE OF AUTHORITIES

## Cases

*Barker v. Wingo*, 407 U.S. 514 (1972)...................................................................18

*Doggett v. U.S.*, 505 U.S. 647 (1992)...................................................................19

*Stevenson*, 832 F.3d 412  (3d. Cir. 2016) ........................................................8, 14

*United States v. Angelini*, 553 F. Supp. 367 (D. Mass. 1982)...............................19

*United States v. Barnes*, 159 F.3d 4 (1st Cir. 1998)................................................8

*United States v. Caparella*, 716 F.2d 976 (2d Cir. 1983) ......................................19

*United States v. Cardona-Rivera*, 64 F.3d 361 (8th Cir. 1995) ..............................8

*United States v. Cisse*, 2025 U.S. Dist. LEXIS 164009, 2025 LX 317736, 2025 WL
   2412777 (Dist. NJ)..........................................................................9, 17, 18

*United States v. Ferris*, 2018 U.S. Dist. LEXIS 178020, 2018 LX 54226, 2018 WL
   5043733 (M.D. Penn) ........................................................................9, 18, 19

*United States v. Golom*, 2019 U.S. Dist. LEXIS 80013 (M.D. Penn.).....................9

*United States v. Hastings*, 847 F.2d 920 (1st Cir. 1988).........................................8

*United States v. Iaquinta*, 674 F.2d 260 (4th Cir. 1982) ...................................16, 20

*United States v. Palmer*, 2024 U.S. Dist. LEXIS 153436, 2024 WL 3952074
   (D.N.J. Aug. 27, 2024)...........................................................................8

*United States v. Saltzman*, 984 F.2d 1087 (10th Cir. 1993)...................................17

*United States v. Taylor*, 487 U.S. 326 (1988) .............................................7, 15, 18

*United States v. Williams*, 2019 U.S. Dist. LEXIS 167972, 2019 WL 4786948
   (D.V.I. Sept. 30, 2019)..........................................................................8

## Statutes

18 U.S.C. § 3161(a)(2)............................................................................................7

18 U.S.C. § 3162 ....................................................................................................6

18 U.S.C. § 111(a)(1) and (b)................................................................................9

## Other Authorities

H. R. Rep No. 390, 96th Cong., 1st Sess. 8-9 (reprinted in 1979 U.S. Code Cong.
   & Ad. News 805, 812-13)......................................................................20

H.R. Rep. No. 93-1508, 93d Cong. 2d Sess., *reprinted in* 1974 U.S. Code Cong.
   and Adm. News, 7401............................................................................16

## INTRODUCTION

The Defendant Mr. Cloyd Chambers now files the present motion to dismiss all charges in this case due to a violation of the Speedy Trial Act on the basis of no indictment 30 days after arrest. This Court must dismiss this case with prejudice because (1) the offense is not serious, (2) the facts and circumstances surrounding this case suggest that the officers stopped Mr. Chambers without probable cause and that the substantial prosecutorial delay has been the fault of the Government, (3) the effect of re-prosecution would frustrate the administration of justice, and (4) Mr. Chambers has been severely prejudiced by loss of his liberty and property interests. All four statutory factors under the Speedy Trial Act thus weigh in favor of this Court dismissing all charges with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Chambers was born in Jamaica and has resided in the United States since 2007. He is the father of five children, a devoted husband, and prior to his arrest in this case he was employed as a sewer technician for over eleven years. He lives in New Jersey with his family, and he has children in the US Military.

Mr. Chambers' arrest in this case stems from an encounter with law enforcement on July 17, 2025. On that day, Mr. Chambers was driving to work in the morning when plainclothes Immigration and Customs Enforcement (ICE) agents

surreptitiously approached him from behind in unmarked cars while wearing masks and told him to lower the window and get out of the car. Without warning, the officer then smashed his driver's side window and attempted to pull him out of the vehicle. Not knowing what was happening, Mr. Chambers began to drive away until he hit the curb. The government agent cut his arm minimally on the glass that he shattered for no reason. Confused and terrified, Mr. Chambers then continued driving.

The agents targeted Mr. Chambers based on a mistaken belief that he had failed to register under Megan's Law. However, Mr. Chambers is not subject to this law, and ICE made no attempt to confirm this before arresting him. Following this encounter, Mr. Chambers called 9-1-1 and reported what had happened. On July 25, a Criminal Complaint was issued charging Mr. Chambers with Resisting Arrest. He was arrested on August 27.

On September 3, the case was continued to October 27. The indictment was not filed by November 24 and no further continuance was requested or granted. Despite the Court's order at arraignment and a specific defense request for it, no *Brady* material has been provided even though it certainly exists. There have been no procedural developments on this case and no outstanding motions or filings in the time since the Speedy Trial Act clock expired. Mr. Chambers cannot secure bond because ICE will detain him. Prior to these charges, Mr. Chambers had closing scheduled on a new home, but he and his family lost the home due to being detained

and loss of employment. He risks an ICE detainer that will result in further detention,

unless this Court dismisses all charges with prejudice.


**ARGUMENT**

The Speedy Trial Act protects the Sixth Amendment right to a speedy trial,

but functions more mechanically than the Constitution. Section 3162 of the Speedy

Trial Act provides that:

> "If a defendant is not brought to trial within the time limit
> required by section 3161(c) as extended by section 3161(h), the
> information or indictment shall be dismissed on motion of the
> defendant. The defendant shall have the burden of proof of
> supporting such motion but the Government shall have the
> burden of going forward with the evidence in connection with
> any exclusion of time under subparagraph 3161(h) (3). In
> determining whether to dismiss the case with or without
> prejudice, the court shall consider, among others, each of the
> following factors: the seriousness of the offense; the facts and
> circumstances of the case which led to the dismissal; and the
> impact of a reprosecution on the administration of this chapter
> and on the administration of justice. Failure of the defendant to
> move for dismissal prior to trial or entry of a plea of guilty or
> nolo contendere shall constitute a waiver of the right to
> dismissal under this section." 18 U.S.C. § 3162(a) (2). Section
> 3161(e) states "the sanctions of section 3162 apply to this
> subsection." 18 U.S.C. § 3162.

If the statutory time limit runs out, the Act is clear: all charges must be dismissed.

The issue is whether the district court must dismiss them with prejudice or without

prejudice.

The Speedy Trial Act sets forth the standards for determining whether the dismissal of a complaint should be with or without prejudice. Specifically, the statute provides that "[i]n determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; (3) the impact of a reprosecution on the administration of [Title 18] and on the 'administration of justice'; (4) whether the defendant has been prejudiced by the delay. *See also United States v. Taylor*, 487 U.S. 326 (1988). The "district court must carefully consider th[ese] factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review." *Id.* at 336. In the present case, all four of these factors weigh in favor of this Court dismissing with prejudice all charges against Mr. Chambers.

## I.    The offense is not "serious" under the Speedy Trial Act.

The first factor this Court must consider is "the seriousness of the offense." 18 U.S.C. § 3161(a)(2). "This element 'centers primarily on society's interest in bringing the particular accused to trial.'" *Stevenson*, 832 F.3d 412, 419 (3d. Cir. 2016) (quoting *United States v. Hastings*, 847 F.2d 920, 925 (1st Cir. 1988)). "[T]he greater the crimes, the greater the insult to societal interests if the charges are dropped, once and for all, without a meaningful determination of guilt or

innocence." *United States v. Williams*, 2019 U.S. Dist. LEXIS 167972, 2019 WL 4786948 (D.V.I. Sept. 30, 2019) quoting *United States v. Barnes*, 159 F.3d 4, 16 (1st Cir. 1998) (internal quotation marks omitted). Accordingly, "[w]hen the crime is serious, the court should dismiss with prejudice only for a correspondingly serious or prejudicial delay." *United States v. Williams*, 2019 U.S. Dist. LEXIS 167972, 2019 WL 4786948, at *3 (D.V.I. Sept. 30, 2019) citing *United States v. Cardona-Rivera*, 64 F.3d 361, 363-64 (8th Cir. 1995).

Courts within Third Circuit have unanimously followed other jurisdictions in ruling that a potential maximum sentence justifies treating an offense as serious under the Speedy Trial Act. See *United States v. Palmer*, 2024 U.S. Dist. LEXIS 153436, 2024 WL 3952074, at *6 (D.N.J. Aug. 27, 2024) (unlawful possession of a firearm as a convicted felon is a serious offense under the Speedy Trial Act); *United States v. Williams*, U.S. Dist. LEXIS 167972, 2019 WL 4786948, at *3 (D.V.I. Sept. 30, 2019) (ten-year maximum for possession of a machine gun was a serious offense, noting "crimes that carry penalties of five years or more are considered serious offenses for the purposes of the Speedy Trial Act" and collecting cases.)

Sex related charges are generally considered serious under this analysis. *United States v. Golom*, 2019 U.S. Dist. LEXIS 80013, *5 (M.D. Penn.). Making false claims during a bankruptcy proceeding and the concealment of assets are not categorically "serious charges" for the purposes of the Speedy Trial

Act, weighing in favor of dismissal with prejudice. *United States v. Ferris*, 2018 U.S. Dist. LEXIS 178020, *6, 2018 LX 54226, 2018 WL 5043733 (M.D. Penn).

Within the Third Circuit, the inquiry the court focuses on is seriousness, not danger or violence. Under this analysis, the seriousness of an offense is reflected in the potential punishment for the crime charged, as determined by Congress after due consideration. *United States v. Cisse*, 2025 U.S. Dist. LEXIS 164009, *9, 2025 LX 317736, 2025 WL 2412777 (Dist. NJ).

In the present case, Mr. Chambers was charged with a violation of 18 U.S.C. § 111(a)(1) and (b), Assaulting, Resisting, and Impeding Certain Officers or Employees, which states:

> (a)IN GENERAL.—Whoever—
> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both
>
> (b)ENHANCED PENALTY.—
> Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

The statute lists three potential sentences ranging from maximums of one year imprisonment, eight years, or twenty years depending on the facts of the case. Specifically, the sentences depend upon whether the acts constitute only simple assault, assault with the intent to commit another felony, assault with a deadly or dangerous weapon, or assault resulting in bodily injury. "Bodily injury" is defined in 18 U.S.C. § 1365(h) as "(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of the function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary."

Courts within the Third Circuit have previously found that prison sentences in excess of five years shall be considered serious offenses for the purposes of the Speedy Trial Act. No court within the Third Circuit has explicitly decided whether Assaulting, Resisting, and Impeding Certain Officers or Employees constitutes a "serious offense" for the purposes of the Speedy Trial Act, and therefore the statute must be analyzed according to the general rule. The first potential maximum sentence proscribed in the statute (one year) falls well below the five-year limit, and if he were only charged with that subsection then the inquiry on this factor would be over. While the second maximum sentence (eight years) exceeds five years, the Complaint fails to allege that Mr. Chambers' actions constitute simple assault with the intent to commit another felony. It is unclear what other felony is implied. Thus, two of the three potential maximum sentences listed in the charging statute should

not be considered "serious offenses" for the purposes of the Speedy Trial Act because one of them falls below the limit while the other one clearly does not apply.

Presumably, Mr. Chambers was charged with the enhanced penalty under subsection (b) not because he was accused of using a deadly or dangerous weapon (no weapon was alleged), but because the officer suffered a superficial cut on his arm due to the car window that the officer shattered. However, it cannot be logically argued that Mr. Chambers caused this laceration. Mr. Chambers did not break the window, he did not pull the officer's arm into the car, and he only began to drive away because the officers destroyed his property, grabbed him, and failed to identify themselves as law enforcement. The fact that the ICE agents wore masks further reasonably suggested to Mr. Chambers that they were not acting within the confines of the law, but were rather assailants who sought to rob or cause bodily injury to him.

Even if the minor laceration the officer suffered qualifies as "bodily injury" under federal law, by no stretch of the imagination did Mr. Chambers proximally or legally cause such injury. He acted reasonably under the circumstances. Accusing Mr. Chambers of causing minor bodily injury to the officer is tantamount to charging a subway train conductor with assault and battery because someone stuck their hand out the window. The bodily injury in this case was foreseeably incidental to the

11

officer's volitional actions. But for the masked ICE agent breaking Mr. Chambers' window and grabbing him, the glass would not have cut his arm.

The Complaint states that "prior to conducting the operation, ICE noted Chambers' criminal history, including aggravated assault and firearms possession. Thus law enforcement determined it would be necessary to proceed with caution when approaching Chambers." Sneaking up on someone, breaking their car window, grabbing them, and trying to pull them from the car could hardly be considered cautious, but is rather recklessly violent. The Complaint also alleges that the officers wore uniforms, but these would not have been visible to Mr. Chambers, as the officer approached him from behind and to the side. Further, their cruisers were not labeled. It was entirely reasonable and logical for Mr. Chambers to believe he was under attack, so he made a split-second decision to attempt escape before suffering harm. Therefore, while the third potential maximum sentence listed in the charging statute exceeds five years, it should not be considered a "serious offense" for the purposes of the Speedy Trial Act.

Dismissing these charges without prejudice simply because two of the three potential maximum sentences exceed five years would allow officers complete impunity to arrest whomever they want with no evidence whatsoever as long as the accusation is serious enough. It would also allow the United States Attorney's Office to reprosecute such baseless accusations innumerable times simply because they

carry a maximum sentence in excess of five years. Under these circumstances, the charges against Mr. Chambers cannot be considered serious enough for the purposes of the Speedy Trial Act.

In the alternative, even if society had an interest in bringing a person accused of Assaulting, Resisting, and Impeding Certain Officers or Employees to trial, this Court must nevertheless dismiss the charges with prejudice due to the correspondingly serious and prejudicial delay. In this case, Mr. Chambers has been racially profiled, wrongly accused, wrongly arrested, and dragged through a prosecutorial delay that has caused him to lose his housing, employment, and liberty. This is exactly the kind of harm the Speedy Trial Act was intended to prevent, and this Court must find that this factor weighs in favor of dismissal with prejudice.

## II. The facts and circumstances surrounding the delay in filing an indictment are not the fault of Mr. Chambers and are entirely within the control of the U.S. Attorney's Office.

Regarding the facts and circumstances of the case leading to its dismissal, the Court must consider whether the delay in prosecuting was intentional or part of a pattern of neglect, or whether it was rather a product of "a relatively benign hitch in the prosecutorial process." *United States v. Stevenson*, 832 F.3d 412, 420 (3d Cir. 2016) (affirming a dismissal without prejudice because "although the Government . . . neglected its duties by failing to bring the case to trial with sufficient dispatch, the

circumstances indicated that the error was relatively innocent and harmless [and] there was no evidence that the Government had acted in bad faith or to gain some tactical advantage").

   The Government has failed to provide any explanation for their failure to file a timely indictment on time in this case. However, it obviously failed because it has been losing similar cases across the country, it is aware it will lose this case, and it is merely seeking to punish Mr. Chambers as long as possible without having to actually produce any evidence or lose another case. This is more reprehensible that simply letting a case "fall through the cracks" of bureaucracy, and secures a tactical and sadistic legal advantage of prolonging a case while the accused suffers in a jail cell. Far from a "benign hitch" in the wheels of justice, the Government seeks time and again to allow masked, unidentified ICE agents to assault immigrants and even U.S. citizens in public with no legal consequences. Dismissal with prejudice is the only repercussion that is appropriate in such cases. Particularly in such flimsy cases as the present one, where the officers clearly lacked probable cause to arrest, and where they immediately and unilaterally decided to escalate the violence of the encounter, the Government should never be allowed to reinstate the charges.

   This Court must consider that Mr. Chambers was not at fault for the delay, and that it was entirely within the control of the US Attorney's Office. The Government could have timely indicted Mr. Chambers and litigated the case until it

14

inevitably lost, but it knows the facts do not support a conviction. The Government could have also served justice by filing its own motion to dismiss the charges, but it would clearly prefer not to admit its wrongs and place the burden on an incarcerated, unemployed man with limited access to justice. This is far more serious than the ills that the Speedy Trial Act and Sixth Amendment intend to prevent. Thus, this factor weighs in favor of dismissal with prejudice.

## III.    The impact of reprosecution would hinder the administration of justice.

The United States Supreme Court encourages district courts to "take seriously their responsibility to consider the "impact of a reprosecution on the administration" of justice." *United States v. Taylor*, 487 U.S. 326, 342 (1988). Dismissal with prejudice "always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays." *Id*.

The *Jones* court ruled that reprosecution in that case would frustrate the purpose of the Act and the administration of justice. "The Speedy Trial Act was designed to implement and enforce the sixth amendment right to a speedy trial and to ensure uniformity of the speedy trial concept throughout the nation." H.R. Rep. No. 93-1508, 93d Cong. 2d Sess., *reprinted in* 1974 U.S. Code Cong. and Adm. News, 7401. To this end, the Act establishes specific, mechanical time limits within which the various stages of a prosecution must occur. In this way, the Act is more

stringent than the sixth amendment, which permits a more flexible approach based largely on the prejudice sustained by a defendant because of delays in prosecution. *United States v. Iaquinta*, 674 F.2d 260, 264 (4th Cir. 1982).

In the present case, dismissal with prejudice is warranted because it is more likely to induce procedural changes in the severely lacking and negligent practices of the United States Attorney's Office, as well as reduce pretrial delays for other defendants faced with similar Speedy Trial Act violations. The Act was designed to function mechanically, and in this case the statutory violation is clear; the remedy ought to be equally clear and mechanical. In situations such as this where a criminal defendant has been plucked from his life and his community and wrongly arrested, the Government should not be rewarded with a dismissal without prejudice and a second bite of the apple when it drags its feet on filing an indictment well-past the statutory limits.

The Government knows that Mr. Chambers is not guilty of these charges. They should not be permitted the option of reprosecuting him in the future leaving him in uncertainty, anxiety, and fear until the statute of limitations runs out. This Court must take seriously the legal and emotional harms such a policy would cause not only for Mr. Chambers, but for every other accused person like him, as the effects would be widespread and indiscriminate. This factor thus weighs in favor of dismissal with prejudice.

**IV.  The Defendant has been severely prejudiced by the Government's delay in filing an indictment.**

In the Third Circuit, prejudice resulting from delay alone is generally not enough to warrant dismissal with prejudice. In particular, the Court must consider (1) whether the delay prejudiced the defendant's trial preparation and (2) whether there have been any additional restrictions on the defendant's liberty because of the Speedy Trial Act violation. Further, "the defendant has the burden under the [Speedy Trial Act] to show specific prejudice other than that occasioned by the original filing." *United States v. Cisse*, 2025 U.S. Dist. LEXIS 164009, *14-15, 2025 LX 317736, 2025 WL 2412777 citing *United States v. Saltzman*, 984 F.2d 1087, 1094 (10th Cir. 1993).

Courts generally do not consider whether the pending charges have made it difficult for the defendant to secure employment, as that would likely be true of any criminal charges. Moreover, any such prejudice appears to be the type of prejudice "occasioned by the original filing" that would not justify a dismissal with prejudice. *Saltzman*, 984 F.2d at 1094. Additionally, there must be clear evidence that delays in this prosecution have affected Defendant's ability to prepare a defense. *United States v. Cisse*, 2025 U.S. Dist. LEXIS 164009, *16, 2025 LX 317736, 2025 WL 2412777.

The *Ferris* court ruled that "Defendant Ferris does not appear to have suffered actual prejudice as a result of the government's delay. The longer the delay, however, the greater is the presumptive prejudice to the defendant, in terms of her ability to prepare for trial or the restrictions on her liberty. [I]nordinate delay between public charge and trial, ... wholly aside from possible prejudice to a defense on the merits, may seriously interfere with the defendant's liberty, whether he is free on bail or not, and ... may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.'" *United States v. Ferris*, 2018 U.S. Dist. LEXIS 178020, *7-8, 2018 LX 54226, 2018 WL 5043733. citing *Taylor*, 487 U.S. at 340; see also *Barker v. Wingo*, 407 U.S. 514, 537 (1972)). The defendant in *Ferris* alleged that the criminal prosecution caused her severe depression and anxiety. She also suffered from physical health conditions, some of which she attributed to the stress of the criminal proceedings. While the defendant was not incarcerated during this period of time, she was subject to conditions of release which affected her freedom.

The *Ferris* court therefore found that the allegations by the defendant regarding the impact of these charges in conjunction with the one-year delay created a presumption of prejudice to the defendant. *See Doggett v. U.S.*, 505 U.S. 647, 652 (1992) ("Depending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one

year."). Thus, the *Ferris* court found that allowing a reprosecution would not best serve the purpose of the Speedy Trial Act and the administration of justice." *United States v. Ferris*, 2018 U.S. Dist. LEXIS 178020, *7-8, 2018 LX 54226, 2018 WL 5043733.

In *United States v. Angelini*, 553 F. Supp. 367, 370 (D. Mass. 1982), the court, examining the three factors suggested by § 3162(a)(2), held that dismissal with prejudice was appropriate. Considering the legislative history of the 1979 amendments to the Act, the court in *Angelini* held that a presumption exists in favor of dismissing an indictment with prejudice. Any other position, the court concluded, would make the Act self-contradictory because a defendant would be more prejudiced by the time delay created by a dismissal without prejudice than by no dismissal at all. *Angelini*, 553 F. Supp. at 370.

Similarly, in *United States v. Caparella*, 716 F.2d 976 (2d Cir. 1983), the court dismissed with prejudice the indictment against defendant for mail fraud. However, disagreeing with the court on *Angelini*, the court in *Caparella* found no presumption in favor of dismissal with prejudice. Nevertheless, the *Caparella* court noted the legislative history of § 3161 *et seq.* which states in part "'the committee intends and expects that use of dismissal without prejudice will be the exception and not the rule.'" *Caparella*, 716 F.2d at 979, quoting H. R. Rep No. 390, 96th Cong., 1st Sess. 8-9 (reprinted in

1979 U.S. Code Cong. & Ad. News 805, 812-13); *see also United States v. Iaquinta*, 515 F. Supp. 708, 712 (N.D. W.V. 1981), *rev'd on other grounds*, 674 F.2d 260 (4th Cir. 1982) (legislative history suggests that dismissal without prejudice should be granted only in rare instances, and the rule will be dismissal with prejudice.).

In the present case, Mr. Chambers has suffered extreme prejudice as a result of the delay in prosecution. He has lost his home, his employment, and his liberty, and he has suffered severe mental anguish and stress. He has been incarcerated, which has impacted every aspect of his life and his ability to access justice. This delay has prejudiced his trial preparation and restricted his liberty. Further, he cannot secure bond because ICE will detain him. An ICE detainer will result in further detention unless this court orders otherwise. The longer the delay, the greater is the presumptive prejudice to the defendant, and the delay in this case has been substantial. Mr. Chambers can meet his burden of demonstrating specific prejudice other than that occasioned by the original filing. The prejudice he has faced as a result of the delay goes far and beyond that caused by any other criminal charge.

Analogous to *Ferris*, the charges and delayed prosecution have seriously interfered with Mr. Chambers' liberty as he has remained incarcerated and unable to access bond. They have disrupted his employment, drained his financial resources, curtailed his associations, subjected him to public obloquy, and created anxiety in

20

him, his family, and his friends. Thus, the impact of these charges in conjunction with inordinately long delay create a presumption of prejudice to Mr. Chambers.

## CONCLUSION

Because the Speedy Trial Act has been violated in this case, and because all four Speedy Trial Act factors weigh in favor of Mr. Chambers, this Court is statutorily bound to dismiss all charges with prejudice.

Dated: December 11, 2025

/s/ Eric M. Mark
Eric M. Mark, Esq.
96 Summer Ave.
Newark, NJ 07104
973-306-4246
Attorney for Cloyd Chambers
