

Law Office of Eric M. Mark           Phone: 973-306-4246

96 Summer Ave., Fl. 1                Fax:    973-339-3404

Newark, NJ 07104                     EricM@EricMarkLaw.com

Associate Attorney Marisol Conde-Hernandez, Esq. (MarisolCH@EricMarkLaw.com)

Hon. Jose R. Almonte, U.S.M.J.           January 7, 2026
By ECF

Re:   USA v. Chambers
      Case Number: 2:25-mj-16130-JRA
      Motion to Dismiss Indictment

Dear Judge Almonte,

      Defendant filed a Motion to Dismiss the Indictment. On Dec. 5, 2025, the Court issued a briefing schedule with the Defendant's brief due on Dec. 17, the Government's Answer due on Dec. 30 and the Defendant's reply due today, Jan. 7.

      The Defendant submitted a timely brief articulating why the Indictment should be dismissed <u>with</u> prejudice. The Government has not submitted an answer.

      I will also note, after the Court issued the scheduled order, I reached out to the Government as directed, but the Government has not contacted me so there have not been any discussions.

      Because the Government has failed to comply with this Court's order, has failed to submit any argument against dismissal with prejudice, and for the reasons articulated in the initial brief, I ask this Court to immediately dismiss the Indictment with prejudice and Order Mr. Chambers to be released from custody immediately.

      Further, ICE has a hold on Mr. Chambers based on the same false information that led to ICE trying to abduct him in this matter. Mr. Chambers is a Lawful Permanent Resident <u>who is not removable</u>. Specifically, ICE believes Mr. Chambers failed to register for Megan's Law even though he has never been convicted of an offense that would require such registration. If ICE detains him now, again, he will be further wrongfully incarcerated while having to litigate this issue before the

immigration court when it is patently clear that he is not removable and there is no basis to detain him. In the months since this has occurred, the Government has not provided any information to justify its forceful violent arrest of Mr. Chambers. Copies of the motion to reopen and to terminate removal proceedings and the BIA's decision to reopen and remand his case to the immigration judge are attached demonstrating this.

  Due to this predictable further punishment for a crime Mr. Chambers did not commit and which ICE made no effort to investigate, I am asking this Court to Order that ICE shall not detain him so his matter can be litigated on the non-detained immigration court docket as it was prior to being arrested on these bogus allegations.

            Respectfully submitted,
            /s/ Eric M. Mark
            Eric M. Mark, Esq.
            Attorney for Cloyd Chambers

Law Office of Eric M. Mark  Phone: 973-453-2009

201 Washington St.                                Fax:    973-309-7079

Newark, NJ 07102                                  [EricM@EricMarkLaw.com](EricM@EricMarkLaw.com)

Associate Attorney Marisol Conde-Hernandez (MarisolCH@EricMarkLaw.com)

## United States Department of Justice

## Executive Office for Immigration Review

## Board of Immigration Appeals

| | |
|---|---|
| In the Matter of:<br><br>Cloyd Chambers<br><br><br>IN REMOVAL PROCEEDINGS | File No.:   A 203 147 667<br><br>Not Detained<br><br><br><br>Next Hearing: None |

MOTION TO REOPEN

**Law Office of Eric M. Mark**    Phone: 973-453-2009

201 Washington St.  Fax:     973-309-7079

Newark, NJ 07102  EricM@EricMarkLaw.com

Associate Attorney Marisol Conde-Hernandez (MarisolCH@EricMarkLaw.com)

**United States Department of Justice**

**Executive Office for Immigration Review**

**Board of Immigration Appeals**

| | |
|---|---|
| In the Matter of:<br><br>Cloyd Chambers<br><br><br>IN REMOVAL PROCEEDINGS | File No.:     A 203 147 667<br><br>Not Detained |

### MOTION TO REOPEN

Mr. Chambers, by and through his attorney of record, Eric M. Mark, Esq., respectfully submits this Motion to Reopen the Respondent's case before this Court.

### JURISDICTION

This Court has proper jurisdiction of this Motion to Reopen because it is the court that entered the final removal order on December 13, 2021 and has administrative control over the record of proceeding. 8 C.F.R. § 1003.23(b)(1)(ii).

## RELIEF SOUGHT

The purpose of this motion is for this Board to Reopen proceedings and to terminate proceedings based on the simultaneously submitted motion to terminate because the Respondent is no longer removable after his convictions for Possession of Controlled Substances in violation of NJSA 2C:35-5 and Eluding in violation of NJSA 2C:29-2 were vacated due to substantive defects in the underlying criminal proceedings.

## DISCUSSION

Mr. Chambers was admitted to the US as a visitor on April 27, 2007. He became a lawful permanent resident on January 25, 2011. He was convicted of aggravated assault in violation of NJSA 2C:12-1b and related offenses on April 14, 2014. On December 2, 2020, he was convicted of Eluding in violation of NJSA 2C:29-2, possession of a controlled substance in violation of NJSA 2C:35-5, and possession of a firearm in violation of NJSA 2C:39-5b. On February 10, 2021, the DHS issued a Notice to Appear charging removability for convictions for two crimes involving moral turpitude. On May 31, 2021, the immigration judge pretermitted all submitted forms of relief and ordered Mr. Chambers removed. This Board dismissed Mr. Chambers's appeal on October 14, 2021.

Subsequenty, Mr. Chambers filed a Petition for Review at the Third Circuit Court of Appeals. Mr. Chambers also petitioned the Superior Court of New Jersey for Post-Conviction relief related to the December 2, 2020 convictions. The Third Circuit held the PFR in abeyance pending the outcome of the PCR. On August 22, 2022, the Superior Court granted Mr. Chambers's petition based on "substantive defects in the proceedings violative of the United States and New Jersey Constitutions." Exhibit A: Order Granting Post Conviction Relief.

Acknowledging that Mr. Chambers is no longer removable after the granting of post-conviction relief, the DHS promptly released Mr. Chambers from custody.

## LEGAL ARGUMENT

Mr. Chambers is not removable from the United States. As a lawful permanent resident, he has only been convicted of one CIMT in 2014. After the grant of post-conviction relief, the conviction for eluding was vacated as was the drug conviction. All parties agree the conviction for possession of a firearm in violation of NJSA 2C:39-5b is <u>not</u> a firearm aggravated felony because the New Jersey statute is categorically overbroad.

Because Mr. Chambers is no longer removable from the United States, this Board must reopen removal proceedings and terminate removal proceedings so Mr. Chambers can resume his status as a lawful permanent resident.

Dated:  September 19, 2022             /s/ <u>Eric M. Mark</u>

                                       Eric M. Mark, Esq.

3



Law Office of Eric M. Mark

201 Washington St.

Newark, NJ 07102

Fax: 973-309-7079

EricM@EricMarkLaw.com

Associate Attorney Marisol Conde-Hernandez, Esq. (MarisolCH@EricMarkLaw.com)

| STATE OF NEW JERSEY, | SUPERIOR COURT OF NEW JERSEY |
|---|---|
| Plaintiff | ESSEX COUNTY, LAW DIVISION, CRIMINAL PART |
| v. | Indictment No. 19-11-3167-I |
| CLOYD CHAMBERS, | CRIMINAL ACTION |
| Defendant. | ORDER |

THIS MATTER having been opened to the Court by Eric M. Mark, Esq., attorney for Defendant, Cloyd Chambers, on an application for post-conviction relief pursuant R. 3:22-1 et seq., and the State having been represented by Assistant Prosecutor Ruddy Adames, and the Court having considered the briefs, testimony, evidence, and arguments by the Defendant and the State, and for good cause shown;

IT IS ON THIS 22nd DAY OF August, 20 22

ORDERED that Defendant's convictions for Count One-Eluding in violation of N.J.S.A. 2C:29-2b and Count Three-Possession of CDS with intent to distribute in violation of N.J.S.A. 2C:35-5a(1) dated September 2, 2020 in this Court are VACATED due to deficiencies based on substantive defects in the proceedings violative of the United States and New Jersey Constitutions, and

FURTHER ORDERED that Counts One and Three are dismissed, and

FURTHER ORDERED that Count Four-Possession of a Firearm in violation of N.J.S.A. 2C:39-5b remains in full force and effect because the conviction for this Count is unaffected by the substantive defects that required vacatur of Counts One and Three.

Consent as to form and substance:

_____
Eric M. Mark, Esq.
Attorney for Defendant
8/4/2022

_____
A.P. Ruddy Adames
Attorney for the State of New Jersey
8/4/2022

Hon. _____, J.S.C

# Law Office of Eric M. Mark



201 Washington St.

Newark, NJ 07102

Phone: 973-453-2009

Fax:    973-309-7079

EricM@EricMarkLaw.com

Associate Attorney Marisol Conde-Hernandez (MarisolCH@EricMarkLaw.com)

## United States Department of Justice

## Executive Office for Immigration Review

## Board of Immigration Appeals

| In the Matter of: | File No.:    A 203 147 667 |
|---|---|
| Cloyd Chambers | Not Detained |
| IN REMOVAL PROCEEDINGS | |

CERTIFICATION OF SERVICE

I, Eric M. Mark, Esq., certify that on the date indicated below I served by eService a copy of this Motion to Reopen upon the Department of Homeland Security—Office of Chief Counsel in Elizabeth, New Jersey by e-Service.

Dated:  Sept. 17, 2022              /s/ Eric M. Mark

                                    Eric M. Mark, Esq.

United States Department of Justice

Executive Office for Immigration Review

Board of Immigration Appeals

In the Matter of: Cloyd Chambers                   A Number 203 147 667


ORDER OF THE IMMIGRATION JUDGE


Upon consideration of the respondent's Motion to Reopen, it is HEREBY ORDERED that the motion be ____ **GRANTED** ____ **DENIED** because:

- o   DHS does not oppose the motion
- o   A response to the motion has not been filed with the court
- o   Good cause has been established for the motion
- o   The court agrees with the reasons stated in the opposition motion
- o   The motion is untimely per _____
- o   Other:


Deadlines:

- o   The application for relief must be filed by _____
- o   The respondent must comply with DHS biometrics instructions by_____


Dated:                                                                                    _____

                                                                                                    Immigration Judge


Certificate of Service

This document was served by: ___ Mail ___ Personal Service

To: ___ Alien        ____ Alien c/o Custodial Officer    ___ Alien's Atty/Rep    ___ DHS

Date:    _____                         By: Court Staff_____

Law Office of Eric M. Mark  Phone: 973-453-2009

201 Washington St.   Fax:     973-309-7079

Newark, NJ 07102   EricM@EricMarkLaw.com

Associate Attorney Marisol Conde-Hernandez (MarisolCH@EricMarkLaw.com)

## United States Department of Justice

## Executive Office for Immigration Review

## Board of Immigration Appeals

| In the Matter of:<br><br>Cloyd Chambers<br><br><br>IN REMOVAL PROCEEDINGS | File No.:     A 203 147 667<br><br>Not Detained |
|---|---|

Next Hearing: None

MOTION TO TERMINATE

001

**Law Office of Eric M. Mark**    Phone: 973-453-2009

201 Washington St.                                       Fax:     973-309-7079

Newark, NJ 07102                                    EricM@EricMarkLaw.com

Associate Attorney Marisol Conde-Hernandez (MarisolCH@EricMarkLaw.com)

**United States Department of Justice**

**Executive Office for Immigration Review**

**Board of Immigration Appeals**

| | |
|---|---|
| In the Matter of:<br><br>Cloyd Chambers<br><br><br>IN REMOVAL PROCEEDINGS | File No.:    A 203 147 667<br><br>Not Detained |

**MOTION TO TERMINATE**

Mr. Chambers, by and through his attorney of record, Eric M. Mark, Esq., respectfully submits this Motion to Terminate the Respondent's case before this Court.

**JURISDICTION**

This Court has proper jurisdiction of this Motion to Terminate because it is the court that entered the final removal order on December 13, 2021 and has administrative control over the record of proceeding. 8 C.F.R. § 1003.23(b)(1)(ii).

## RELIEF SOUGHT

The purpose of this motion is for this Board to terminate proceedings based on the simultaneously submitted motion to reopen because the Respondent is no longer removable after his convictions for Possession of Controlled Substances in violation of NJSA 2C:35-5 and Eluding in violation of NJSA 2C:29-2 were vacated due to substantive defects in the underlying criminal proceedings.

## DISCUSSION

Mr. Chambers was admitted to the US as a visitor on April 27, 2007. He became a lawful permanent resident on January 25, 2011. He was convicted of aggravated assault in violation of NJSA 2C:12-1b and related offenses on April 14, 2014. On December 2, 2020, he was convicted of Eluding in violation of NJSA 2C:29-2, possession of a controlled substance in violation of NJSA 2C:35-5, and possession of a firearm in violation of NJSA 2C:39-5b. On February 10, 2021, the DHS issued a Notice to Appear charging removability for convictions for two crimes involving moral turpitude. On May 31, 2021, the immigration judge pretermitted all submitted forms of relief and ordered Mr. Chambers removed. This Board dismissed Mr. Chambers's appeal on October 14, 2021.

Subsequenty, Mr. Chambers filed a Petition for Review at the Third Circuit Court of Appeals. Mr. Chambers also petitioned the Superior Court of New Jersey for Post-Conviction relief related to the December 2, 2020 convictions. The Third Circuit held the PFR in abeyance pending the outcome of the PCR. On August 22, 2022, the Superior Court granted Mr. Chambers's petition based on "substantive defects in the proceedings violative of the United States and New Jersey Constitutions." Exhibit A: Order Granting Post Conviction Relief.

Acknowledging that Mr. Chambers is no longer removable after the granting of post-conviction relief, the DHS promptly released Mr. Chambers from custody.

## LEGAL ARGUMENT

Mr. Chambers is not removable from the United States. As a lawful permanent resident, he has only been convicted of one CIMT in 2014. After the grant of post-conviction relief, the conviction for eluding was vacated as was the drug conviction. All parties agree the conviction for possession of a firearm in violation of NJSA 2C:39-5b is not a firearm aggravated felony because the New Jersey statute is categorically overbroad.

Because Mr. Chambers is no longer removable from the United States, this Board must terminate removal proceedings so Mr. Chambers can resume his status as a lawful permanent resident.

Dated:  September 19, 2022                                    /s/ Eric M. Mark

                                                                            Eric M. Mark, Esq.

3

004

Law Office of Eric M. Mark

201 Washington St.

Newark, NJ 07102

Fax: 973-309-7079

EricM@EricMarkLaw.com

Associate Attorney Marisol Conde-Hernandez, Esq. (MarisolCH@EricMarkLaw.com)



F I L E D

AUG 22 2022

Mark S. Ali, P.J.

Phone: 973-453-2009

| STATE OF NEW JERSEY, | SUPERIOR COURT OF NEW JERSEY |
| --- | --- |
| Plaintiff | ESSEX COUNTY, LAW DIVISION, CRIMINAL PART |
| v. | Indictment No. 19-11-3167-I |
| CLOYD CHAMBERS, | CRIMINAL ACTION |
| Defendant. | ORDER |

THIS MATTER having been opened to the Court by Eric M. Mark, Esq., attorney for Defendant, Cloyd Chambers, on an application for post-conviction relief pursuant R. 3:22-1 et seq., and the State having been represented by Assistant Prosecutor Ruddy Adames, and the Court having considered the briefs, testimony, evidence, and arguments by the Defendant and the State, and for good cause shown;

IT IS ON THIS 22nd DAY OF August, 20 22

ORDERED that Defendant's convictions for Count One-Eluding in violation of N.J.S.A. 2C:29-2b and Count Three-Possession of CDS with intent to distribute in violation of N.J.S.A. 2C:35-5a(1) dated September 2, 2020 in this Court are VACATED due to deficiencies based on substantive defects in the proceedings violative of the United States and New Jersey Constitutions, and

FURTHER ORDERED that Counts One and Three are dismissed, and

FURTHER ORDERED that Count Four-Possession of a Firearm in violation of N.J.S.A. 2C:39-5b remains in full force and effect because the conviction for this Count is unaffected by the substantive defects that required vacatur of Counts One and Three.

Consent as to form and substance:

_____
Eric M. Mark, Esq.
Attorney for Defendant
8/4/2022

_____
A.P. Ruddy Adames
Attorney for the State of New Jersey
8/4/2022

Hon. _____, J.S.C

# Law Office of Eric M. Mark



Phone: 973-453-2009

201 Washington St.

Fax:    973-309-7079

Newark, NJ 07102

EricM@EricMarkLaw.com

Associate Attorney Marisol Conde-Hernandez (MarisolCH@EricMarkLaw.com)

## United States Department of Justice

## Executive Office for Immigration Review

## Board of Immigration Appeals

| | |
|---|---|
| In the Matter of:<br><br>Cloyd Chambers<br><br><br>IN REMOVAL PROCEEDINGS | File No.:    A 203 147 667<br><br>Not Detained |

CERTIFICATION OF SERVICE

I, Eric M. Mark, Esq., certify that on the date indicated below I served by eService a copy of this Motion to Terminate upon the Department of Homeland Security—Office of Chief Counsel in Elizabeth, New Jersey by e-Service.

Dated:  Sept. 17, 2022                    /s/ Eric M. Mark

                                          Eric M. Mark, Esq.

# United States Department of Justice
# Executive Office for Immigration Review
# Board of Immigration Appeals

In the Matter of: Cloyd Chambers          A Number 203 147 667

### ORDER OF THE IMMIGRATION JUDGE

Upon consideration of the respondent's Motion to Terminate, it is HEREBY ORDERED that the motion be   ___ **GRANTED**   ____ **DENIED** because:

- o   DHS does not oppose the motion
- o   A response to the motion has not been filed with the court
- o   Good cause has been established for the motion
- o   The court agrees with the reasons stated in the opposition motion
- o   The motion is untimely per _____
- o   Other:

Deadlines:

- o   The application for relief must be filed by _____
- o   The respondent must comply with DHS biometrics instructions by_____

Dated:                                                             _____

                                                                                    Immigration Judge

### Certificate of Service

This document was served by: ___ Mail ___ Personal Service

To: ___ Alien     ____ Alien c/o Custodial Officer    ___ Alien's Atty/Rep    ___ DHS

Date:    _____                                       By: Court Staff_____



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

| | |
|---|---|
| **CHAMBERS, CLOYD**<br>114 WOODLAND ROAD<br>PISCATAWAY  NJ  08854 | **DHS/ICE Office of Chief Counsel - ELZ**<br>625 Evans Street, Room 135<br>Elizabeth NJ 07201 |

Name: CHAMBERS, CLOYD         A 203-147-667

Date of this Notice:    5/15/2023

Enclosed is a copy of the Board's decision in the above-referenced case. If the attached decision orders that you be removed from the United States or affirms an Immigration Judge's decision ordering that you be removed, any petition for review of the attached decision must be filed with and received by the appropriate court of appeals within 30 days of the date of this decision.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Userteam:  Docket

NOT FOR PUBLICATION

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

MATTER OF:

Cloyd CHAMBERS, A203-147-667

Respondent

**FILED**
May 15, 2023

ON BEHALF OF RESPONDENT: Pro se

ON BEHALF OF DHS: Dominic A. Gabene, Assistant Chief Counsel

IN REMOVAL PROCEEDINGS
On Motion from a Decision of the Board of Immigration Appeals

Before: Grant, Appellate Immigration Judge

GRANT, Appellate Immigration Judge

ORDER:

This case was last before us on October 14, 2021, when we dismissed the respondent's appeal. The respondent has now filed a motion to reopen and terminate his proceedings.[1] The Department of Homeland Security (DHS) opposes termination, but the DHS has filed its own motion to remand. Under these circumstances, the proceedings are reopened sua sponte, and the record is remanded for further proceedings. On remand, both parties may make additional arguments.

---

[1] Although an attorney submitted the respondent's filings, the attorney has not submitted a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27). The Board notified the attorney that a Form EOIR-27 was lacking.