## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

Plaintiff,

v.

CLOYD CHAMBERS,

Defendant.

Mag. No. 25-16130-JRA-1

**REPORT AND RECOMMENDATION**

**José R. Almonte, U.S.M.J.**

Defendant Cloyd Chambers moves to dismiss the criminal Complaint against him with prejudice ("the Motion") (Dkt. No. 14).  Defendant contends that the United States of America ("the Government") has failed to secure a timely indictment in accordance with the dictates of the Speedy Trial Act, 18 U.S.C. §§ 3161–74.  *See generally* Dkt. No. 14.  The Government has failed to respond to the Motion despite the Court giving it ample time and notice.[1]  For the reasons set forth below, it is respectfully recommended that the Court dismiss the Complaint against Defendant **with prejudice**.

---

[1]  I have reviewed Defendant's Motion and issue this Report and Recommendation without oral argument.  Because a decision on a motion to dismiss with prejudice is dispositive in nature, the undersigned is proceeding by way of a Report and Recommendation.  28 U.S.C. § 636(b)(1)(A)–(B).

## I.    BACKGROUND AND PROCEDURAL HISTORY[2]

The facts of this matter, as alleged in the Complaint, center around Defendant's arrest by federal law enforcement agents acting on behalf of the U.S. Immigration and Customs Enforcement ("ICE").  *See* Compl., Dkt. No. 1 ¶¶ 3, 5.  A few years prior, Defendant had been released from ICE custody on an ICE Order of Supervision ("OSUP"), which included certain supervision requirements for Defendant to follow.  *Id.* ¶ 2.  In July of 2025, ICE became aware that Defendant was not in compliance with his OSUP and authorized his arrest to determine whether he should reenter ICE custody or remain under supervision.  *Id.* ¶ 3.

On July 17, 2025, federal law enforcement initiated Defendant's arrest at his residence in Newark, New Jersey.  *Id.* ¶ 5.  Once Defendant was seen leaving his home and entering his car, the agents used multiple vehicles to block Defendant from driving away.  *Id.* ¶¶ 6–7.  Despite their efforts, Defendant did not comply with the agents' demands for him to exit his vehicle.  *Id.* ¶¶ 7–9.  Ultimately, this resulted in an agent breaking Defendant's car window and a subsequent struggle inside of Defendant's car.  Compl. ¶¶ 8–12.  In the process, Defendant attempted to drive away, causing one agent to be dragged a short distance and injured, while also causing damage to a law enforcement vehicle.  *Id.* ¶¶ 12–13.

Due to these events, the Government charged Defendant with assaulting, resisting, and impeding certain officers or employees in violation of 18 U.S.C. §

---

[2]  This Report and Recommendation recites only the facts and procedural history relevant to the resolution of this Motion.

111(a)(1) and (b).  *See generally* Compl.  A violation of § 111(a)(1) carries a maximum term of imprisonment of one year, but "where such acts involve physical contact with the victim of that assault or the intent to commit another felony," it carries a maximum term of imprisonment of eight years.  *Id.*  The penalty may be enhanced under § 111(b), also charged here, if, during any of the acts in subsection (a), the defendant "uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury . . . ."  *Id.*  The enhanced penaltly of subsection (b) carries a maximum term of imprisonment of twenty years.  *Id.*

On August 27, 2025, Defendant was brought to the Court for his initial appearance, at which time he was denied bail.  Dkt. Nos. 4, 8.  The Government and defense counsel agreed to one continuance order, which the Court entered on September 3, 2025 (the "Continuance Order").  Dkt. No. 9.  Through the Continuance Order, the parties agreed to exclude time under the Speedy Trial Act from September 3, 2025 through October 27, 2025, to allow defense counsel reasonable time to prepare effectively and to allow time for plea negotiations.  *Id.*  No additional continuances were entered, and, therefore, Defendant filed his initial motion to dismiss the Complaint on November 24, 2025.  Dkt. No. 12.  However, the Court ordered Defendant to re-submit his initial motion to dismiss the Complaint due to his failure to include a formal brief.  *See* Dkt. No. 13.  At the same time, the Court also ordered the parties to meet and confer to discuss whether the issue could be resolved without

motion practice.[3] *See id.* The parties did not resolve the issue, leading Defendant to file the instant Motion on December 11, 2025, Dkt. No. 14, and a reply brief on January 7, 2026, Dkt. No. 15.

## II.    DISCUSSION

The Speedy Trial Act finds its origins in the Sixth Amendment to the United States Constitution, which guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." *United States v. Stevenson*, 832 F.3d 412, 418 (3d Cir. 2016) (quoting U.S. Const. amend. VI). That constitutional protection serves an essential role in the criminal justice system. It safeguards defendants from being detained and forgotten, and it prevents criminal charges from lingering indefinitely without resolution.

Accordingly, when the Government initiates a prosecution by filing a criminal complaint—a procedure that requires a judicial officer to find probable cause based solely on an agent's affidavit—the Government's obligation to proceed promptly is triggered. From that moment, the Speedy Trial Act imposes a strict timetable: generally, the Government has thirty days to present the case to a grand jury and seek an indictment or file an information, unless the defendant waives that right and consents to what is commonly referred to as a "continuance order." *See* 18 U.S.C. § 3161(b), (h)(7)(A). Once a grand jury returns an indictment, a defendant is entitled to a trial "within seventy days from the filing date (and making public) of the

---

[3] Apparently that meet and confer never occurred, as Defendant's counsel has proffered that he "reached out to the Government as directed," but the Government never contacted him and therefore the parties did not discuss the matter as ordered. Dkt. No. 15 at 1.

information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." *Stevenson*, 832 F.3d at 419 (quoting 18 U.S.C. § 3161(c)(1)).  These deadlines are subject to exceptions, none of which need to be addressed in this case.  *See id.* (citing 18 U.S.C. § 3161(h)).

Failure to meet the deadlines has consequences.  The Speedy Trial Act is clear that if no indictment or information is filed against an individual charged by complaint within the time limit set by § 3161(b), as extended by  § 3161(h), the complaint "shall be dismissed," either "with or without prejudice."  18 U.S.C. § 3162(a)(1).  In this case, the Speedy Trial Act violation is uncontroverted: the Government has taken no steps to toll the clock or to secure an indictment or information within thirty days after the expiration of the Continuance Order, which expired on October 27, 2025.[4]  The question, therefore, is not whether the Complaint must be dismissed—it must.  Instead, the only remaining question is whether the dismissal of the Complaint should be with or without prejudice.

The Speedy Trial Act specifies the standard a court must consider in making that determination.  18 U.S.C. § 3162(a)(1).  Specifically, the statute provides that

> [i]n determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

---

[4] An argument could be made that the Government had fewer than thirty days left on the clock, but that is not an issue that needs to be resolved here.

*Id.* Courts also consider whether the defendant has suffered prejudice by the delay. *United States v. Taylor*, 487 U.S. 326, 334 (1988). I will consider each statutory factor separately, below. *Id.* at 336; *see Gov't of Virgin Islands v. Bryan*, 818 F.2d 1069, 1076 (3d Cir. 1987). Because the Government has abandoned this case, the Court is left to make a decision without considering the Government's position.

### A. The Seriousness of the Offense

The Court begins by looking to the first factor: the seriousness of the offense. § 3162(a)(1). "This element 'centers primarily on society's interest in bringing the particular accused to trial.'" *Stevenson*, 832 F.3d at 419 (quoting *United States v. Hastings*, 847 F.2d 920, 925 (1st Cir. 1988)). The Third Circuit has explained that in evaluating the seriousness of the offense, logic guides the analysis, in that "[t]he graver the crimes, the greater the insult to societal interests if the charges are dropped, once and for all, without a meaningful determination of guilt or innocence." *Id.* at 419-20 (quoting *Hastings*, 847 F.2d at 925).

Defendant argues that the alleged violations of 18 U.S.C. § 111(a)(1) and (b) are not "serious" under the Speedy Trial Act. *See* Dkt. No. 14 at 7–13. In support, Defendant asserts that the Complaint does not allege he committed a simple assault with the intent to commit another felony, and therefore, two of the three potential maximum sentences under the statute's subsection do not apply and suggest his charges should not be considered "serious." *Id.* at 10–11. Defendant also argues that he was "charged with the enhanced penalty under subsection [111](b) not because he was accused of using a deadly or dangerous weapon (no weapon was alleged), but

6

because the [agent] suffered a superficial cut on his arm due to the car window that the [agent] shattered." *Id.* at 11. Further, Defendant stresses that the injuries to the agent were "minor lacerations" that were the result of the agent's actions alone and are not attributable to Defendant; therefore, he contends the enhanced penalty charge should not constitute a "serious offense" under the facts of this Complaint. *Id.* at 11–12.

Despite Defendant's assertions, and the Government's silence, the Court finds that the charged offenses as alleged in the Complaint are serious and weigh in favor of a dismissal without prejudice. Though Defendant characterizes the agent's injuries as "minor," the Complaint alleges that the agent required "multiple sutures" and that he was "dragged . . . a short distance . . . ." Compl. ¶ 13. The face of the Complaint, therefore, provides sufficient information to find that the alleged assault on the agent was serious. The seriousness of the offenses is bolstered by the potential maximum term of imprisonment for the enhanced penalty charge, which is up to twenty years, and certainly can be said to match or exceed the potential punishments for the drug and weapons offenses that courts have consistently found to be "serious" crimes for the purposes of the Speedy Trial Act. *See* 18 U.S.C. § 111(b); *Stevenson*, 832 F.3d at 420; *see United States v. Palmer*, No. 22-cr-00282, 2024 WL 3952074, at *6 (D.N.J. Aug. 27, 2024) (citing cases). For these reasons, the Court finds that Defendant's charges are "serious" for purposes of the Speedy Trial Act and weigh in favor of dismissal without prejudice.

## B. The Facts and Circumstances of the Case

Next, the second factor "requires courts to consider the reasons for the delay: did it stem from 'intentional dilatory conduct' or a 'pattern of neglect on the part of the Government,' or rather, from a relatively benign hitch in the prosecutorial process?" *Stevenson*, 832 F.3d at 420 (citations omitted).  A finding of bad faith or pattern of neglect on behalf of the Government weighs in favor of dismissal with prejudice, as opposed to "an isolated unwitting violation." *Taylor*, 487 U.S. at 339. "Regarding the facts and circumstances leading to the dismissal, we look to whether the Government sought the resultant delays for ulterior purposes as well as whether the Government's failure to meet deadlines was repetitive, regular, and frequent with respect to this defendant." *United States v. Blevins*, 142 F.3d 223, 226 (5th Cir. 1998) (citation omitted).

Defendant argues that the Government's failure to abide by the confines of the Speedy Trial Act in this case indicates it "knows the facts do not support a conviction," therefore the adandonment of his case was purposeful.  Dkt. No. 14 at 15.  Notably, in this case, the Government has not opposed Defendant's contentions by its general failure to provide any opposition to Defendant's Motion.

Like the Court noted in *United States v. Cisse*, here "the United States Attorney's Office was obviously and inexplicably negligent in failing to ensure" a speedy resolution of the criminal charges against Defendant.  No. 12-mj-3722, 2025 WL 2412777, at *4 (D.N.J. June 25, 2025), *report and recommendation adopted*, No. 25-cr-450, 2025 WL 2412510 (D.N.J. Aug. 19, 2025).   Though Defendant's

8

speculations, without more, do not support that the Government was operating in bad faith or for the purpose of securing an unfair tactical advantage, the Court does find that the delay here represents "a pattern of neglect" by the United States Attorney's Office rather than "an isolated unwitting violation." *See Taylor*, 487 U.S. at 339.  This is plainly demonstrated first by the Government's failure to respond to Defendant's counsel's requests to discuss the Speedy Trial Act issue, in direct contravention of this Court's December 5, 2025 Order requiring the parties to do so. *See* Dkt. No. 13; Dkt. No. 15 at 1.  In addition to the Government's failure to abide by the Court's Order to meet and confer, the Government has not filed any opposition to the Motion.  Considered together, the Court finds a pattern of neglect by the Government.  As such, the Court is constrained to conclude that, in this case, there is "a truly neglectful attitude on the part of the Government," weighing in favor of the dismissal of the Complaint against Defendant with prejudice.  *Taylor*, 487 U.S. at 338.

## C. <u>The Impact of Reprosecution and Prejudice to Defendant</u>

As to the third factor, the impact of reprosecution, courts must look to "whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act." *Stevenson*, 832 F.3d at 422 (citations omitted).  "Prejudice can include both (1) trial prejudice, *i.e.*, prejudice in the defendant's ability to mount a defense at trial, and (2) non-trial prejudice, such as restrictions on the defendant's liberty and any impact [of his incarceration] on his life circumstances." *Palmer*, 2024

WL 3952074, at *9 (quoting *United States v. Bert*, 814 F.3d 70, 82 (2d Cir. 2016)) (citation modified). "Because 'prejudice' may take many forms, such determinations must be made on a case-by-case basis in the light of the facts." *Taylor*, 487 U.S. at 341 n.13.

As to the third factor, Defendant argues that the Government knowingly brought baseless charges against him and, therefore, that "the Government should not be rewarded with a dismissal without prejudice and a second bite of the apple when it drags its feet on filing an indictment well-past the statutory limits." Dkt. No. 14 at 16. Further, Defendant provides that he suffered non-trial prejudice including the loss of both his employment and of a home that his family was scheduled to purchase prior to his detainment on these charges. *Id.* at 5–6. In addition, Defendant argues he has and will continue to suffer from severe anxiety and fear should the Government be permitted to reprosecute him in the future. *Id.* at 16, 20.

This factor weighs in favor of dismissal with prejudice. Defendant appers to suggest that the Government engaged in prosecutorial misconduct, but there is insufficient information in the record for the Court to reach that conclusion. Nor is there sufficient information to conclude, as Defendant suggests, that the delay in this case impaired Defendant's ability to mount an effective defense for lack of evidence. However, the Court does find—based on Defendant's assertions and the Government's silence—that Defendant suffered actual, specific prejudice as a result of the delay in this case due to his continued detainment as exhibited by his severe mental anguish and stress, and the loss of his liberty, employment, and his family's

ability to purchase a new home as planned. The prejudice to Defendant shows that reprosecution would run counter to the Sixth Amendment right to a speedy trial and, therefore, to the administration of justice.

Thus, for those reasons, the Court finds that, on balance, due to the Government's pattern of neglect in this matter and the prejudice to Defendant, the statutory factors weigh in favor of dismissal with prejudice. *See Bert*, 814 F.3d at 83 ("While not all violations of the Speedy Trial Act warrant a dismissal with prejudice, the purposes of the Act would be thwarted if courts do not adjust their day-to-day procedures to comply with its requirements.") (quoting *United States v. Moss*, 217 F.3d 426, 432 (6th Cir. 2000)).

## III.  CONCLUSION

For the reasons set forth above, the Court respectfully recommends that the Clerk of the Court assign this matter to a U.S. District Judge and that the District Judge find that the Complaint in the above-captioned matter is **DISMISSED WITH PREJUDICE**.

The parties have fourteen days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2).

_____
HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Dated: January 22, 2026


Orig:  Clerk of the Court
cc:      Counsel of Record